**Opinion filed October 6, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00106-CV

_____

## IN THE INTEREST OF R.L.R., A CHILD

---

**On Appeal from the 259th District Court**
**Shackelford County, Texas**
**Trial Court Cause No. 2021-003**

---

### M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of the mother and the father of R.L.R. The father filed this appeal. On appeal, he presents one issue in which he challenges the trial court's finding that the termination of his parental rights would be in R.L.R.'s best interest. We affirm the order of the trial court.

*Termination Findings and Standards*

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West 2022). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has

committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. *Id.* In this case, the trial court found that Appellant had committed two of the acts listed in Section 161.001(b)(1)—those found in subsections (O) and (P). Appellant does not challenge these findings on appeal.

The trial court also found, pursuant to Section 161.001(b)(2), that termination of Appellant's parental rights would be in the best interest of the child. *See id.* § 161.001(b)(2). In his sole issue on appeal, Appellant challenges both the legal and factual sufficiency of the evidence to support the trial court's best interest finding.

To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). We note that the trial court is the sole arbiter of the credibility and demeanor of witnesses. *In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014) (citing *In re J.L.*, 163 S.W.3d 79, 86–87 (Tex. 2005)).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the

child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent–child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

*Evidence and Analysis*

The record shows that the Department of Family and Protective Services became involved with Appellant when R.L.R. was five years old.[1] The concerns were that Appellant was using methamphetamine while R.L.R. was in his care and that R.L.R. was left alone without adult supervision. To prevent removal of the child from Appellant, the Department instituted a safety plan. However, when Appellant later tested positive for methamphetamine, R.L.R. was removed from Appellant's care and placed with a relative.

After R.L.R. was removed from Appellant's care, Appellant was ordered by the trial court to complete a substance abuse assessment, successfully complete substance abuse treatment, submit to random drug tests as requested by the Department, submit to a psychological evaluation, attend counseling, successfully complete parenting classes, maintain legal employment, and comply with the requirements of his family service plan. Appellant, at first, participated in some services and even attended rehab at Serenity House, which he completed in April 2021. However, not long thereafter, Appellant's drug use again became a concern. Appellant admitted that he had relapsed and was again using illegal drugs and that

---

[1]We note that R.L.R.'s mother had abandoned R.L.R. when he was ten months old and that, despite the efforts of the Department and others, the mother could not be located. We also note that both R.L.R. and the mother tested positive for methamphetamine at the time of R.L.R.'s birth.

he had struggled with drug use from a young age. He begged the trial court for a second chance, which the trial court granted—extending the automatic dismissal deadline in this case to allow Appellant more time to work his services and complete rehab at Serenity House a second time. Appellant went to rehab for a second time, but he checked himself out after only three days. After that, Appellant "disappear[ed]."

Appellant did not appear for the termination hearing even though he was aware that it was being held. At the time of trial, Appellant had not had any contact with the Department in five months and had not seen R.L.R. in approximately eight months. A permanency case manager testified that Appellant's counselor was concerned because Appellant lacked adequate parenting skills. She also testified that Appellant failed to complete the court-ordered services required of him, failed to obtain stable housing, failed to maintain employment, failed to submit to drug tests when requested, and continued to use illegal drugs. The testimony showed that Appellant's use of a controlled substance endangered the health and safety of R.L.R.; that Appellant completed a substance abuse treatment program but, after doing so, continued to abuse controlled substances; and that Appellant failed to complete the substance abuse treatment program during his second attempt.

The Department's plan for R.L.R. was for him to remain in the care of, and ultimately be adopted by, the father's cousin—with whom R.L.R. had been placed since the safety plan was instituted. The record shows that R.L.R. wants to be adopted by the cousin. The cousin and her husband were in the process of getting licensed as foster parents in the hopes of adopting R.L.R. The permanency case managers and the cousin testified that it would be in R.L.R.'s best interest for Appellant's parental rights to be terminated.

The trial court, as the trier of fact, is the sole judge of the witnesses' credibility. *A.B.*, 437 S.W.3d at 503. We are not at liberty to disturb the determinations of the

4

trier of fact as long as those determinations are not unreasonable. *J.P.B.*, 180 S.W.3d at 573. Giving due deference to the trial court, we hold that, based on the evidence presented at trial and the *Holley* factors, the trial court could reasonably have formed a firm belief or conviction that termination of Appellant's parental rights would be in the best interest of R.L.R. *See Holley*, 544 S.W.2d at 371–72. Upon considering the record as it relates to the desires of the child, the emotional and physical needs of the child now and in the future, the emotional and physical danger to the child now and in the future, the parental abilities of those involved, the plans for the child by the Department, Appellant's continued use of drugs while the case was pending below, Appellant's failure to visit or have any contact with his child for approximately eight months, and the instability of Appellant's situation, we hold that the evidence is legally and factually sufficient to support the finding that termination of Appellant's parental rights is in the best interest of R.L.R. *See id.* We defer to the trial court's finding as to R.L.R.'s best interest, *see C.H.*, 89 S.W.3d at 27, and we cannot hold in this case that the trial court's finding as to best interest is not supported by clear and convincing evidence. Accordingly, we overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the order of the trial court.


JOHN M. BAILEY
CHIEF JUSTICE


October 6, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.